1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

9

| | | |
|---|---|---|
| FRANK REYNOLDS, | ) | 1:06-cv-00240-AWI-LJO-P |
| | ) | |
| Plaintiff, | ) | **FINDINGS AND RECOMMENDATIONS** |
| | ) | **RECOMMENDING DISMISSAL OF** |
| vs. | ) | **ACTION, WITH PREJUDICE, FOR** |
| | ) | **FAILURE TO OBEY A COURT ORDER** |
| MENDOSA POWERS, et al., | ) | **AND FAILURE TO STATE A CLAIM** |
| | ) | **UPON WHICH RELIEF MAY BE** |
| Defendants. | ) | **GRANTED** |
| | ) | |
| | | (Doc. 8) |

     Plaintiff Frank Reynolds ("plaintiff") is a state prisoner
proceeding pro se and in forma pauperis in this civil rights action
pursuant to 42 U.S.C. § 1983.  By order filed October 4, 2006, the
court found that plaintiff's complaint failed to state any claims for
relief against the named defendants.  The court dismissed plaintiff's
complaint and ordered plaintiff to file an amended complaint within
thirty days from the date of service of that order.  More than thirty
days have passed and plaintiff has not filed an amended complaint or
otherwise responded to the court's order.

     Local Rule 11-110 provides that "failure of counsel or of a party
to comply with these Local Rules or with any order of the Court may
be grounds for the imposition by the Court of any and all sanctions

. . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest

2

in managing the docket weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The court's order of October 4, 2006, requiring plaintiff to file an amended complaint, expressly stated: "If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted."  Thus, plaintiff had adequate warning that dismissal would result from non-compliance with the court's order.

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, with prejudice, for plaintiff's failure to obey the court's order of October 4, 2006, and for failure to state a claim upon which relief may be granted.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **twenty (20) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

3

1   objections within the specified time may waive the right to appeal the

2   District Court's order.   <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

3   1991).

4

5   IT IS SO ORDERED.

6   **Dated:    November 27, 2006**                         **/s/ Lawrence J. O'Neill**
    b9ed48                                           UNITED STATES MAGISTRATE JUDGE

4