# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK REYNOLDS,<br><br>    Plaintiff,<br><br>    v.<br><br>MENDOSA POWERS, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:06-cv-00240-AWI-NEW (DLB) PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983<br><br>(Doc. 12)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

I.    Findings and Recommendations Following Screening of Amended Complaint

    A.    Procedural History

Plaintiff Frank Reynolds ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 3, 2006. On October 4, 2006, the court dismissed plaintiff's complaint, with leave to amend, for failure to state a claim. On February 2, 2007, plaintiff filed an amended complaint.

    B.    Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).
3      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
4  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
5  506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
6  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
7  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
8  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only
9  if it is clear that no relief could be granted under any set of facts that could be proved consistent with
10 the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether
11 the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of
12 the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,
13 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also
14 Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the
15 opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.
16 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."
17 Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights
18 complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l
19 Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d
20 266, 268 (9th Cir. 1982)).
21      C.   Plaintiff's Eighth Amendment Medical Care Claim
22      Plaintiff is seeking injunctive relief and money damages against defendants Warden Mendosa
23 Powers and Chief Medical Officer McGuiness for allegedly violating his rights under the Eighth
24 Amendment. The events giving rise to plaintiff's claims allegedly occurred at Avenal State Prison,
25 where plaintiff is presently incarcerated.
26      Plaintiff alleges he filed a number of inmate appeals seeking surgery for his shoulder to stop
27 the pain, but has been told he is on a waiting list or otherwise put off. Plaintiff alleges that
28 defendants Mendosa Powers and McGuiness have the final decision on all medical cases.

  To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

  "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

  Plaintiff's allegations do not support a claim that defendants Mendosa Powers and McGuiness "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511

///

U.S. at 837. Accordingly, plaintiff fails to state a claim upon which relief may be granted under section 1983.

D. Conclusion

Plaintiff's amended complaint does not state a claim upon which relief may be granted under section 1983. Plaintiff was previously notified of these deficiencies and given the opportunity to amend. However, plaintiff was unable to state a claim. Therefore, the court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 17, 2007              /s/ Dennis L. Beck
                                   UNITED STATES MAGISTRATE JUDGE