UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK REYNOLDS,<br><br>          Plaintiff,<br><br>vs.<br><br>MENDOSA POWERS, et al.,<br><br>          Defendants.<br>_____/ | 1:06-cv-00240-AWI-NEW (DLB) PC<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING ACTION, WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>(Docs. 12 and 14)<br><br>**ORDER THAT THIS DISMISSAL SHALL COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(G)** |

Plaintiff Frank Reynolds ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On May 17, 2007, the Magistrate Judge filed a Findings and Recommendations herein which was served on plaintiff and which contained notice to plaintiff that any objection to the Findings

1

and Recommendations was to be filed within thirty days. On June 11, 2007, plaintiff filed an Objection to the Findings and Recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. As explained by the Magistrate Judge in the October 4, 2006 order dismissing the original complaint with leave to amend, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980). The amended complaint fails to sufficiently link the Defendants to the alleged constitutional violations. In addition, the amended complaint fails to allege how Defendants knew of the risk to Plaintiff's serious medical condition and how, knowing of that risk, they disregarded it. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 837-45 (1994).

The court is required to give Plaintiff notice of a complaint's pleading deficiencies and at least one opportunity to amend the complaint to state a claim prior to dismissal. <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122 (9th Cir. 2000) (if court determines that complaint fails to state claim, leave to amend may be granted to extent that complaint's deficiencies can be cured); <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to

amend prior to dismissing for failure to state a claim).  Here, Plaintiff was already given notice of the complaint's deficiencies.  The amended complaint does not resolve these problems.  Plaintiff is either unable or unwilling to amend his complaint to state a claim.

    Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed May 17, 2007, is ADOPTED IN FULL;
2. This action is DISMISSED, with prejudice, for plaintiff's failure to state a claim upon which relief may be granted under section 1983; and
3. This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

**Dated:   July 26, 2007**               /s/ Anthony W. Ishii
                                                    UNITED STATES DISTRICT JUDGE